UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

                                        Case No. 1:01:CR:166
                                        Related Civil Case No. 1:05:CV:275

v.

                                        HON. GORDON J. QUIST

KAREEM ROBERTSON,

    Defendant.

_____/

## **MEMORANDUM ORDER**

On October 8, 2002,[1] Kareem Robertson ("Defendant" or "Petitioner") pled guilty in this Court to one count of conspiracy to distribute more than 5 kilograms of cocaine and more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(ii) and (iii). On February 24, 2003, the Court sentenced Petitioner to 151 months incarceration. Petitioner did not appeal his sentence.

On February 22, 2005, Petitioner filed a "Motion to Amend and Reduce Sentence" under Fed. R. Civ. P. 60(b) (Criminal Docket No. 27). On March 9, 2005, this Court entered an Order stating that it was "unable to construe Petitioner's post-conviction motion as anything other than a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255." The Court also ordered that within 30 days of the Order, Defendant could (1) withdraw his motion or (2) submit an amended §

---

[1] In its March 9, 2005, Order, the Court mistakenly stated that Defendant pled guilty on November 18, 2002. This was the date that the Court adopted the Report and Recommendation of the magistrate judge and accepted Defendant's guilty plea. But Defendant actually pled guilty before the magistrate judge on October 8, 2002.

2255 motion setting forth all claims that he wished to raise with regard to his criminal plea and sentence.

On April 8, 2005, Defendant filed a "Motion to Construe Motion to Amend and Reduce Sentence as Pursuant to Fed. R. Civ. P. 60(b)" (Civil Docket No. 1) and stated that his motion was not a motion under 28 U.S.C. § 2255 and should not be treated as such. "Petitioner . . . respectfully moves this Honorable Court to construe Petitioner's Motion to Amend and Reduce Sentence in its original form, as pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. . . . The Petitioner respectfully objects to this Court's attempt to construe his Motion to Amend and Reduce Sentence as a motion brought pursuant to Title 28 U.S.C. 2255" (Def's Mot. to Construe at 1-2.) Thus, Defendant did not choose either of his two options set out in the Court's March 9, 2005 Order.

Unfortunately, Defendant cannot simply choose to bring a Rule 60(b) Motion. First, the Court has already held that Defendant's motion must be treated as a motion to vacate under 28 U.S.C. § 2255. Second, Rule 60(b) applies only to civil cases, and not criminal cases. *See Abdur'Rahman v. Bell*, 392 F.3d 174, 182 (6th Cir. 2004) ("Rule 60(b) authorizes the district courts to relieve a party to a civil action from the force of a final judgment."); *United State v. Diaz*, No. 00-1876, 2003 WL 22434557 (6th Cir. Oct. 24, 2003) (unpublished opinion) ("A party may not seek relief from a criminal sentence under Fed. R. Civ. P. 60(b), because Rule 60(b) is not applicable to criminal proceedings.")(citing *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998)); *Beckett v. United States*, No. 99-5654, 2001 WL 278191 (6th Cir. Mar. 16, 2001) (unpublished opinion) (same).

Third, Rule 60(b) and 28 U.S.C. § 2255 serve different purposes. Section 2255 is to be used when a petitioner is challenging the constitutionality of the underlying conviction or sentence. *See*

28 U.S.C. § 2255. Such is the case here, where Defendant claims that his sentence violated his Fifth and Sixth Amendment rights in light of *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531 (2004) and *United States v. Booker,* ___ U.S. ___, 125 S.Ct. 738 (2005). Rule 60(b), on the other hand, should be used in civil cases where there is a procedural error. *See Abdur'Rahman*, 392 F.3d at 179. "Rule 60(b) does not permit parties to relitigate the merits of claims, or to raise new claims that could have been raised during the litigation of the case or in [an] initial habeas petition. Rather, the purpose of a Rule 60(b) motion is to allow a district court to reconsider its judgment when that judgment rests on a defective foundation." *Id.* Here, relief is still available to Defendant under 28 U.S.C. § 2255.[2] Therefore, a § 2255 motion is the appropriate medium by which to raise any constitutional error made at sentencing.

Therefore, the Court is left with no choice but to deem Defendant's "Motion to Construe Motion to Amend and Reduce Sentence as Pursuant to Fed. R. Civ. P. 60(b)" (Civil Docket No. 1) as a withdrawal of his § 2255 motion. Defendant may resubmit his motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Therefore,

IT IS ORDERED that Defendant's "Motion to Amend and Reduce Sentence" (Criminal Docket No. 27) is DISMISSED WITHOUT PREJUDICE.

Dated: April 20, 2005            /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE

---

[2] However, the Court notes that Defendant will face several hurdles if he files a motion under § 2255. First, it appears that the one-year statute of limitations in which to file a § 2255 motion has expired. Second, Defendant's argument that he was sentenced unlawfully under *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531 (2004) and *United States v. Booker,* ___ U.S. ___, 125 S.Ct. 738 (2005) must fail because the Sixth Circuit has explicitly held that the new procedural rule set forth in *Blakely* and *Booker* does not apply retroactively to § 2255 cases on collateral review. *See Humphress v. United States,* 398 F.3d 855, 860-863 (6th Cir. 2005).